COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No.    36191-8-III |
| | ) | |
| Respondent, | ) | ORDER GRANTING |
| | ) | MOTION TO RECALL |
| v. | ) | MANDATE AND ORDER TO |
| | ) | GRANT MOTION TO CHANGE |
| K. J. H., | ) | CASE TITLE AND USE |
| | ) | INITIALS FOR THE |
| Appellant. | ) | APPELLANT IN THE OPINION |
| | ) | |

THE COURT has considered appellant's motion to recall the court's mandate of June 24, 2020.

IT IS ORDERED, the motion to recall the mandate is hereby granted.

ITt IS ORDERED, the request to change case title and use initials throughout the opinion for the appellant is being treated as a motion.  The motion is granted. RAP 3.4.

PANEL:  Judges Fearing, Korsmo, Lawrence-Berrey

BY A MAJORITY:

_____
REBECCA L. PENNELL, Chief Judge



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36191-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| K.J.H., | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Substitute House Bill 1041, effective July 28, 2019, deleted language in RCW 9.96.060 that had precluded vacation of a gross misdemeanor conviction if a court had previously vacated another conviction of the offender. K.J.H. asks this court to apply Substitute House Bill 1041 to his appeal and requests that we vacate a gross misdemeanor conviction. We grant his request.

FACTS

On February 19, 2008, K.J.H., in this Klickitat County prosecution, pled guilty to the charge of attempted failure to register as a sex offender under RCW 9A.44.130 and RCW 9A.28.020, a gross misdemeanor. The trial court sentenced K.J.H. to 365 days of incarceration and suspended 350 of those days. K.J.H. served fifteen days of confinement.

In March 2018, the Clark County Superior Court granted K.J.H.'s motion to vacate a 2002 Clark County felony conviction for possession of child pornography.

PROCEDURE

K.J.H., in April 2018, moved for an order vacating his 2008 gross misdemeanor conviction, in this Klickitat County proceeding, for failure to register as a sex offender. On June 4, 2018, the trial court, based on the controlling law at the time, denied the motion because K.J.H.'s vacation of the 2002 Clark County felony conviction precluded his request. On July 2, 2018, the trial court again denied K.J.H.'s motion.

LAW AND ANALYSIS

K.J.H. appeals denial of his motion to vacate his 2008 gross misdemeanor conviction for attempted failure to register. After K.J.H. filed his opening brief, this court asked the parties to file supplemental briefing on the application of Substitute House Bill

1041. The parties agree that the bill applies.

This appeal concerns RCW 9.96.060 that governs the vacation of misdemeanor and gross misdemeanor offenses. Before the legislature enacted the 2019 amendments, former RCW 9.96.060 provided that a court had discretion to vacate a record of conviction "[i]f the court finds the applicant meets the tests prescribed in subsection (2) of this section." Former RCW 9.96.060(1) (2017). Subsection 2 then indicated that an applicant failed to meet the requirements for vacation if "[t]he applicant has ever had the record of another conviction vacated." Former RCW 9.96.060(2)(h). But under another statute, RCW 9.94A.640, an offender could procure a vacation of a felony despite previously gaining a vacation of another conviction. The statutory scheme unreasonably rendered vacation of a gross misdemeanor more difficult than vacation of a felony. Nevertheless, K.J.H.'s trial court correctly followed the dictates of RCW 9.96.060 when K.J.H. sought vacation of his Klickitat County gross misdemeanor conviction.

Effective July 28, 2019, the legislature amended RCW 9.96.060 and deleted the blanket provision stating that the vacation of another conviction barred vacation of a gross misdemeanor. LAWS OF 2019, ch. 331, § 4(2)(d). The amended statutory language now bars vacation in narrower circumstances:

>      [A]n applicant may not have the record of conviction for misdemeanor or gross misdemeanor offense vacated if any one of the following is present:
>      . . . .
>      (e)      The offense was any misdemeanor or gross misdemeanor violation, including attempt, of chapter 9.68 RCW (obscenity and pornography), chapter 9.68A RCW (sexual exploitation of children), or chapter 9A.44 RCW (sex offenses), *except for failure to register as a sex offender* under RCW 9A.44.132.

RCW 9.96.060(2)(e) (emphasis added).

The 2008 court convicted K.J.H. with attempted failure to register as a sex offender. The amended statutory language now permits vacation of this conviction notwithstanding the former vacation of a felony.

The State of Washington graciously concedes that the 2019 statutory amendment to RCW 9.96.060 applies to K.J.H.'s application for vacation, since his appeal was pending at the time of the effective date of the amendment. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). The State asks that this court dismiss this appeal and that K.J.H. move the trial court anew for vacation of the gross misdemeanor conviction. We conclude the better and more efficient remedy is a direction to the superior court to vacate the 2008 gross misdemeanor conviction.

No. 36191-8-III
*State v. K.J.H.*

CONCLUSION

We grant K.J.H.'s request and remand to the trial court for vacation of his 2008

conviction of attempted failure to register as a sex offender.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Kormso, J. 1

---

1 Judge Kevin M. Korsmo was a member of the Court of Appeals at the time argument was held on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150

5